IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| | ) 2:24-CV-01508-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FOUR SEASONS HOTELS LIMITED, | ) |
| FOUR SEASONS HOTEL CASABLANCA, | ) |
| | |
| Defendants, | |

OPINION

Plaintiff, Jane Doe, brings the within action against Defendants, Four Seasons Hotel Limited and Four Seasons Hotel Casablanca (collectively "Four Seasons"), for negligence (Count I), negligence per se (Count II), negligent infliction of emotional distress (Count III), and intentional infliction of emotional distress (Count IV) arising from an incident that occurred at a Four Seasons property located in Casablanca, Morocco. (ECF No. 1-2).

Four Seasons moves for dismissal for *forum non conviens*, or in the alternative, for lack of personal jurisdiction. (ECF No. 8). The matter is now ripe for decision.

Following consideration of Ms. Doe's Complaint (ECF No. 1-2), Four Seasons' Motion for Dismiss (ECF No. 8), the respective responses, briefs, and supporting exhibits (ECF Nos. 9,11, 13, and 14), and for the following reasons, Four Season's Motion to Dismiss for *forum non conviens* will be granted. Further, Four Season's Motion to Dismiss for lack for personal jurisdiction will be denied, as moot.

I.   Background

This case arises out of an alleged sexual assault at the Four Seasons Hotel Casablanca located in Casablanca, Morocco. (ECF No. 1-2). Ms. Doe alleges that she checked into the

Hotel on April 3, 2023. Ms. Doe avers she was sexually assaulted while receiving a massage in the Hotel's spa by a masseur, Abdelali Saksak. Ms. Does asserts claims against the Hotel for negligence in creating an environment that allowed sexual assault to occur, negligence in training and oversight of staff, negligence its handling of the allegations, and negligent and intentional inflicted emotional distress.

II.     Relevant Standards

District courts are "accorded substantial flexibility in evaluating a *forum non conveniens* motion, and '[e]ach case turns on its facts.'" *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988). When considering *forum non conveniens*, a court's "ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 526 (1947). Courts must therefore examine if another forum has jurisdiction to hear the case, and if the plaintiff's selected forum would create "oppressiveness and vexation to a defendant out of all proportion to [the] plaintiff's convenience, or [if] the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problem." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994).

"[T]he defendant bears the burden of persuasion as to all elements of the *forum non conveniens* analysis." *Howden North America Inc. v. Ace Property & Cas. Ins. Co.*, 875 F. Supp. 2d 478, 487 (W.D. Pa. 2012) (quoting *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43-44 (3d Cir. 1988)). In order to meet that burden, the defendant "must provide enough information to enable the District Court to balance the parties' interests." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981). The defendant can provide that information through "supporting affidavits or other evidence." *Levien v. hibu plc*, 475 F. Supp. 3d 429, 447 n. 4 (E.D. Pa. 2020) ("A motion to dismiss based on *forum non conveniens* 'may be resolved on affidavits presented by the

parties.'"); *see also Piper*, 454 U.S. at 259 (*forum non conveniens* motion was properly decided based on defendants' "affidavits describing the evidentiary problems they would face if the trial were held in the United States.").

The Court can properly resolve the less burdensome issue of *forum non conveniens* without settling jurisdictional matters. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007), "When deciding a motion to dismiss based on the doctrine *of forum non conveniens*, a court may '[bypass] questions of subject matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.'" *Baez v. Marriot Int.,* No. 18-1894, WL 3801251 at *2-3 (D.N.J. Aug. 9, 2018) (quoting *Sinochem Int'l Co.*, 549 U.S. at 43). Therefore, the Court need not reach Defendants' personal jurisdiction arguments should it determine this case should be dismissed on *forum non conviens* grounds.

III.   Discussion

The Third Circuit has articulated a three-part test for analyzing *forum non conveniens*. First, a court must "determine whether an adequate alternative forum can entertain the case." *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189-190 (3d Cir. 2008). If so, it must next decide the degree of deference due to the plaintiff's forum choice. *Id.* at 190. Finally, it must "balance the relevant private and public interest factors" to determine whether it would be more appropriate and convenient for the parties to proceed in the alternate forum. *Id.* (quoting *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 160 (3d Cir. 2010)).

A.   <u>Morocco's adequacy as an adequate alternative forum</u>

Four Seasons contends that Morocco is an adequate forum, because it is amenable to and consents to process in Morocco. Four Seasons also maintains that that Ms. Doe has already

3

litigated this matter in Morocco against Four Seasons and the alleged assailant. Further, through an affidavit of a Moroccan civil litigation attorney, Four Seasons argues that the Moroccan judicial system provides adequate redress for Ms. Doe. (ECF No. 8-3). Four Seasons also asserts that other district courts have held that Morocco is an adequate alterative forum. *See Finco Prime Consulting Corporation v. Belmamoum*, No. 22cv952 (DLC), 2023 WL 1766109 (S.D.N.Y. Feb. 2023) (dismissing New York lawsuit in favor of Morocco as an adequate alternative forum).

Ms. Doe denies that she has already "litigated this matter in Morocco," because, despite Four Seasons's assertion, it was not a party to Ms. Doe's criminal complaint filed against the assailant, and she received no compensation. Ms. Doe next contends that Four Seasons's affidavit is conclusory and does not establish the availability and adequacy of a Moroccan forum. In particular, she argues that Four Seasons does not address whether Moroccan courts previously have addressed cases like this, have awarded satisfactory remedies for each of Ms. Doe's claims, or have addressed the statute of limitations to her claims.

In response, Four Seasons provides a supplemental affidavit to argue that Morocco recognizes Ms. Doe's civil claims and that Morocco has a more generous statute of limitations for her claims than Pennsylvania. (ECF No. 14-1). Four Seasons further asserts that Ms. Doe provides no affidavit or other evidence to counter Four Seasons's proffered affidavits of Moroccan civil litigators.

An alternative forum will "[o]rdinarily" be adequate when the defendant is "amenable to process" there, and where the forum "permit[s] litigation of the subject matter of the dispute." *Piper*, 454 U.S. at 254 n. 22 (internal quotation marks omitted). The alternative forum is deemed adequate as long as the foreign tribunal recognizes some form of redress. *Cousins on*

4

*behalf of Estate of Cousins v. Sikorsky Aircraft Corporation*, No. 23-2629, 2024 WL 4429061, at *4 (E.D. Pa. Sept. 30, 2024) (emphasis added). "This is so even where certain theories of recovery or damages more favorable to the plaintiff are unavailable." *Id*. Only where the remedy in the foreign forum is so unsatisfactory as to effectively constitute "no remedy at all," will the forum be deemed inadequate. *Piper*, 454 U.S. at 254.

Here, Four Seasons has sufficiently met its burden of persuasion on the adequacy of Morocco as an alternative forum.  Four Seasons asserts it is amenable to process in Morocco.  Further, Four Seasons has provided affidavits that Moroccan courts permit the subject matter of Ms. Doe's litigation and that said courts recognize a redress for her alleged injuries.  Ms. Doe has provided no evidentiary support to dissuade the Court from concluding that Four Seasons has met its burden.

Accordingly, for the purpose of a *forum non conviens* analysis, this Court determines that Morocco is an adequate alternative forum for Ms. Doe's claims.

B.  <u>Degree of Deference to Ms. Doe's Forum Choice</u>

Four Seasons next argues that Ms. Doe's forum choice, Pennsylvania, is not entitled to significant deference.  Specifically, Four Seasons maintains that Ms. Doe's choice should be given no weight because the alleged subject incident occurred in Morocco, was perpetrated by a Moroccan resident, and Ms. Doe's only connection with the Western District of Pennsylvania is that she was a college student in Pittsburgh when the incident occurred.

Ms. Doe argues that, but for Four Seasons' continuous advertising to her and her mother regarding safety and security, she may have stayed elsewhere.  Therefore, Ms. Doe contends that Four Seasons's made misrepresentations and promises in Pennsylvania and that the booking transaction also occurred in this forum.

5

In response, Four Seasons asserts that, in her Complaint, Ms. Doe concedes that Four Seasons did not reach out to Ms. Doe or her family in Pennsylvania. Instead, Four Seasons argues that the Complaint indicates affirmative steps by Ms. Doe and/or her family to explore Four Seasons's website in Morocco when making their decisions.

As regards deference, there is "[a] strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum." *Piper Aircraft Co.,* 454 U.S. at 255, 102 S.Ct. 252.

Here, pursuant to the case law on a domestic plaintiff's chosen forum, the Court must accord Ms. Doe's forum choice of Pennsylvania a "strong presumption of convenience." Even with this presumption, the Court must now shift to the final step of the Third Circuit's three-part analysis, public and private interests.

C. Public and Private Interests

Four Seasons argues that private interest factors weigh in the favor of Morocco, because of access to evidence, ability to compel attendance of witnesses, language barriers for witnesses, the possibility of viewing Four Seasons's Moroccan property, and joinder issues. With regards to public interest factors, Four Seasons contends administrative issues, local interests, and substantive law issues favor a Moroccan forum.

Ms. Doe argue that angst over witness availability rings hollow in the context of modern litigation, there's no indication of witnesses "unwilling" to participate, and the Court would not need to exercise subpoena power. With regards to evidence, Ms. Doe contends that documentary evidence can easily be scanned, emailed, or otherwise transferred to Pennsylvania. As for

6

joinder issues, Ms. Doe maintains that, despite the four-month passage of time, Defendant has yet to identify any potential third parties that would need to be joined to this lawsuit.

Turning to public interest factors, Ms. Doe argues that, apart from witness translations, the case presents no administrative difficulties. In addition, Ms. Doe contends that Pennsylvania has a local interest in protecting the safety of its citizens. As regards substantive law, Ms. Doe maintains that Pennsylvania law should apply because the transaction where she booked her stay occurred in Pennsylvania. Ms. Doe next argues that the translation burden would appear equal as either non-resident party would require translation.

In response, Four Seasons argues that, while there may a handful of witnesses located in Pennsylvania, it has identified dozens of non-party witnesses located in Morocco. Further, Four Seasons maintains that it has no employees living in or around Pennsylvania with first-hand knowledge of the subject incident or the operations of the spa area at the Moroccan property. Four Seasons also asserts that, to litigate this case in Pennsylvania, it must fly witnesses from Morocco, which would include navigating an arduous visa process. Moreover, Four Seasons argues, that despite Ms. Doe's arguments, it has identified the alleged assailant and any third party contractors, who may have employed him, as potential parties to be joined in this matter. Finally, Four Seasons maintains that Ms. Doe ignores the difficulties associated with applying a foreign country's law.

When seeking dismissal on grounds of *forum non conveniens,* a defendant must show that the balance of public and private factors "tips decidedly in favor of trial in the foreign forum." *Lacey v. Cessna Aircraft Co.,* 932 F.2d 170, 180 (3d Cir.1991). Private interests that should be considered include "the ease of access to sources of proof; ability to compel witness attendance if necessary; means to view relevant premises and objects; and any other potential

obstacle impeding an otherwise easy, cost-effective, and expeditious trial." *Id*. Public interests that should be considered include "administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty." *Kisano*, 737 F.3d at 873.

Here, beginning with the private factors, said factors heavily weight in favor of Morocco as the appropriate forum. The physical premises of the hotel, dozens of witnesses, and the documentary evidence, including the parallel criminal investigative materials, are physically located in Morocco. Further, many of the witnesses, who would be non-parties, are located in Morocco and not subject to this Court's jurisdiction to compel testimony. Finally, the Court would have difficulty in this lawsuit should Four Seasons implead third-party defendants, namely the assailant and/or other Moroccan third-party contractors. Without the ability to implead in this forum, Four Seasons would be faced with piecemeal litigation by filing suit in Morocco while this suit proceeded here. Thus, private factors weigh heavily in favor of Morocco's forum.

As regards public interests, despite Ms. Doe's status as a resident of Pennsylvania, Morocco has a significantly greater local interest in determining the present action than does the Western District. The incident occurred in Morocco. Additionally, Ms. Doe's assailant is a Moroccan citizen, prosecuted by the Moroccan authorities, and serving a prison sentence in Morocco. As such, the "local interest in having localized controversies decided at home" necessitates adjudicating this action in Morocco. While Pennsylvania has a local interest in

providing a forum for its residents to redress their grievances, Morocco's interest significantly outweighs Pennsylvania.

Moreover, because Pennsylvania has little interest in adjudicating this action, imposition of jury duty on its citizens would be an unfair burden. The only significant tie to Pennsylvania is Ms. Doe's alleged residency. Thus, the imposition of jury duty on Pennsylvania citizens in a case, with a remote and tenuous tie to the forum, places an unnecessary burden upon those citizens with matters that occurred outside their community. As such, this factor also weighs in favor of dismissal.

Further, the conflict of laws and the application of foreign law weighs in favor of dismissal. Ms. Doe had no counter argument that this case, which turns on matters and events outside this Court's jurisdiction, will likely turn on the application of Moroccan law in a choice of law analysis. Thus, Morocco would have a significantly greater governmental interest in this case than does Pennsylvania. Thus, if this Court retained this action, it would be required to apply Moroccan law, with which it has no familiarity. Therefore, when viewing the *forum non conveniens* factors, as a whole, dismissal is warranted.

Accordingly, Four Seasons's Motion to Dismiss for forum non conviens will be granted.[1] Based upon said determination, the Court need not decide Four Seasons's Motion to Dismiss for lack of personal jurisdiction.

---

[1] The Court's decision is far from an aberration. The Third Circuit and its district courts have routinely upheld the use of *forum non conveniens* to dismiss factually similar actions involving a foreign hotel's alleged negligence. *See, e.g.*, *Doe v. the Ritz Carlton Hotel*, LLC, 666 F. App'x 180, 203 (3d Cir. 2016) (upholding *forum non conveniens* dismissal of negligence action stemming from a sexual assault at a Cayman Islands hotel); *Wilmont v. Marriott Hurghada Management, Inc.*, 712 F. App'x 200, 203 (3d Cir. 2017) (upholding *forum non conveniens* dismissal of negligence action stemming from a poolside injury at an Egyptian hotel); *Jones v. FC USA, Inc.*, No. CV 17-1126, 2017 WL 5453497, at *1 (E.D. Pa. Nov. 14, 2017) (granting *forum non conveniens* dismissal of negligence action arising from a sexual

A separate order will follow.

DATED this 12th day of February, 2025.

                                        BY THE COURT:

                                        MARILYN J. HORAN
                                        United States District Judge

---

assault which occurred "while receiving a massage [on vacation] during a beach excursion in the Dominican Republic"); *Cohen v. Holiday Inns, Inc.*, No. CIV. A. 90-3017, 1991 WL 983, at *4 (E.D. Pa. Jan. 4, 1991) (granting *forum non conveniens* dismissal of negligence action stemming from an injury involving a scuba diving expedition which was sponsored and advertised by a Mexican hotel); *Colantonio v. Hilton Int'l Co.*, No. CIV.A. 03-1833, 2004 WL 1810291, at *12 (E.D. Pa. Aug. 13, 2004) (*granting forum non conveniens* dismissal of negligence action stemming from a trip and fall at a hotel in Rome, Italy); *Rudisill v. Sheraton Copenhagen Corp.*, 817 F. Supp. 443, 448 (D. Del. 1993) (granting *forum non conveniens* dismissal of negligence action arising from injuries sustained at a Denmark hotel).